UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:24-cv-773

ANDY R. BENJAMIN,
An Individual,

    Plaintiff,

v.

TRAIL IMPORTS I, LLC.,
d/b/a SPORT MAZDA,
A Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDY R. BENJAMIN ("**Plaintiff**"), brings this action against Defendant, TRAIL IMPORTS I, LLC. d/b/a SPORT MAZDA ("**Dealer**," "**Defendant,**" or "**Dealership**"), a Florida limited liability company, under the Consumer Leasing Act ("**CLA**"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("**Regulation M**") and Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**") § 501.203 and §501.976, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331

because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Further, the Court has supplemental jurisdiction over the state law claims under 28 USC § 1367.

3. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Seminole County, Florida.

5. Defendant was at all relevant times, doing business in Orange County, Florida.

## FACTUAL ALLEGATIONS

6. In June of 2020, Defendant leased a new 2020 Mazda 6 SD vehicle ("**Vehicle**") to Plaintiff.

7. The Vehicle was leased under a Motor Vehicle Lease Agreement ("**Lease**") prepared by the Defendant.

8. A true and correct copy of the Lease is attached as Exhibit "A."

9. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the vehicle at the end of the Lease term for $12,912.20. The purchase option price does not include

official fees such as those for taxes, tags, licenses and registration." *Id*. ¶ 28.

10. The total purchase option price was $12,912.20. ("**Purchase Option Price**").

11. The Lease did not disclose any other fees or costs to be added to the Purchase Option Price for Plaintiff to exercise the purchase option.

12. Plaintiff reasonably relied on these terms, including the Purchase Option Price, when agreeing to the Lease.

13. In connection with the Lease, Dealer prepared a Retail Purchase Order ("**RPO**"), more commonly known as a "bill of sale" wherein the Dealer imposed a $699.00 pre-delivery service fee labelled "Dealer Fee," a $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and a $60 pre-delivery service fee labelled as a "LIEN FEE."

14. A true and correct copy of the RPO is attached as Exhibit "B."

15. The $699.00 pre-delivery service fee labelled "Dealer Fee," the $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and the $60 pre-delivery service fee labelled as a "LIEN FEE" are each a "pre-delivery service fee" as contemplated by Fla. Stat *§* 501.976(18).

16. The RPO fails to contain the following statutory disclosure associated with the above fees: "This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents

related to the sale." Fla. Stat § 501.976(18).

17. As a result, Plaintiff paid the $699.00 pre-delivery service fee labelled "Dealer Fee," a $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and a $60 pre-delivery service fee labelled as a "LIEN FEE" without knowing the fees were illegal.

18. Upon information and belief, a substantial portion of the above fees constituted profit to the Dealer for which the Plaintiff did not actually owe and were not official pass-through charges paid to government agencies.

19. A reasonable consumer under the circumstances would believe the $699.00 pre-delivery service fee labelled "Dealer Fee," a $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and a $60 pre-delivery service fee labelled as a "LIEN FEE" charge were each state-mandated charges and customarily required to lease a vehicle, but in actuality, the fees are not mandatory in nature.

20. Dealership has engaged, and will continue to engage, in a repeated pattern of deceptive and unfair conduct by improperly disclosing pre-delivery service fees in order to obtain a hidden profit at the expense of its customers.

21. In June of 2023, Plaintiff visited Defendant's dealership to exercise the purchase option and buy the Vehicle.

22. However, to Plaintiff's surprise, Defendant required Plaintiff to pay a

total of $1,725.00 in pre-delivery service fees, consisting of a $445.00 "Predelivery Service Charge," a $285.00 "Electronic Registration Filing Fee," and a $995.00 "Dealer Fee."

23. These fees are not official fees or taxes but profit for Defendant.

24. Defendant never disclosed in the Lease that payment of an additional $1,725.00 above and beyond the purchase option price disclosed in the Lease was required to buy the vehicle at the end of the lease term.

25. Defendant also never disclosed in the Lease that payment of $1,725.00 in pre-delivery service fees was required to buy the vehicle at the end of the lease term.

26. Defendant's failure to honor the purchase option price in the Lease was the cause of Plaintiff's harm, as Plaintiff was left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

27. All conditions precedent to bringing this action have occurred or have been otherwise waived.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

28. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

29. Plaintiff is a natural person who leased the Vehicle primarily for

personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

30. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

31. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

32. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

33. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

34. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

35. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

36. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of an additional amount of $1,725.00 in fees were required to exercise the purchase option at the end of the lease.

37. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $1,725.00 more

than the Purchase Option Price was required to exercise the purchase option at the end of the lease.

38. Defendant violated 12 CFR § 1013.3(a) because the Purchase Option Price was not clear and conspicuous.

39. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

40. Plaintiff suffered financial loss in that Plaintiff paid $1,725.00 more than what the Lease required to buy the Vehicle.

41. Plaintiff also paid an inflated amount as and for sales tax on the buyout transaction.

42. Had Defendant provided an accurate, complete, and clear Purchase Option Price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

43. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff which includes, *inter-alia*, an inflated sales tax.

44. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs for its violation of the CLA.

45. Pursuant to Fla. Stat. § 501.211(2), Plaintiff is entitled to recover actual damages and a statutory surcharge from Defendant, and reasonable attorney's fees

and costs for its violation of the FDUTPA.

## COUNT II AS TO DEFENDANT'S VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT§ 501.203, §501.976

46. Dealer committed a per-se violation of FDUTPA when it charged and collected the $699.00 pre-delivery service fee labelled "Dealer Fee," the $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and the $60 pre-delivery service fee labelled as a "LIEN FEE" in the Lease without the required statutory disclosure, in contravention of Fla. Stat. § 501.976 (18).

66. Dealer committed a per-se violation of FDUTPA when it failed to fully disclose the $699.00 pre-delivery service fee labelled "Dealer Fee," the $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and the $60 pre-delivery service fee labelled as a "LIEN FEE" in the Lease, in contravention of Fla. Stat. § 501.976 (18).

67. Dealer committed a per-se violation of FDUTPA when it overcharged for the cost of registration fees without refunding the balance, in contravention of Fla. Stat. § 501.976 (11).

68. By improperly commingling the $699.00 pre-delivery service fee labelled "Dealer Fee," the $250.00 pre-delivery service fee labelled "PREDLEIVERY SVC CHARGE," and the $60 pre-delivery service fee labelled as a "LIEN FEE" in the Lease with state-imposed mandatory fees, Dealer engaged in deceptive acts or practices giving rise to a general violation of FDUTPA.

69. By improperly overcharging title and registration transfer fees without issuing a refund, Dealer engaged in deceptive acts or practices giving rise to general violation of FDUTPA.

70. Plaintiff suffered financial loss in that Plaintiff paid $1,009 as and for improperly disclosed pre-delivery service fees which he did not owe.

71. Prior to initiating this action, Plaintiff issued a pre-suit demand letter pursuant to Fla. Stat. 501.98. Despite receiving said demand letter, Defendant failed to resolve the Plaintiff's dispute in any way.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

A. Actual and statutory damages as provided by law;

B. An injunction prohibiting Defendant from engaging in further activities that are in violation of the FDUTPA;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and,

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St, Suite 208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357

*/s/ Sara Cibula Feller, Esq.*
**DARREN R. NEWHART, ESQ.**
FL Bar No.: 0115546
**SARAH CIBULA FELLER, ESQ.**
FL Bar No.: 1027809
Email:  Darren@NewhartLegal.com
Sarah@NewhartLegal.com
**NEWHART LEGAL, P.A.**
P.O. BOX 1351
Loxahatchee, FL 33470
Tel: (561) 331-1806
Fax: (561) 473-2946
*Counsel for Plaintiff, Andy R. Benjamin*