IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.    6:24-cv-00773-RBD-EJK

ANDY R. BENJAMIN,

        Plaintiff,

vs.

TRAIL IMPORTS I, LLC, d/b/a
SPORT MAZDA,

        Defendant.
_____/

## DEFENDANT, TRAIL IMPORTS I, LLC., d/b/a SPORT MAZDA'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, Trail Imports I, LLC., d/b/a Sport Mazda ("Sport Mazda"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court for entry of an Order dismissing the Complaint (ECF No. 1) (the "Complaint") filed herein by Plaintiff, Andy R. Benjamin ("Plaintiff"), on the ground that Plaintiff has failed to state a claim upon which relief can be granted. In support of its Motion, Sport Mazda states as follows:

## INTRODUCTION

Plaintiff's Complaint avers that Plaintiff leased a vehicle from Sport Mazda in June of 2020 with an option to purchase the same at the end of the Lease term, but that in contravention of such agreement, Plaintiff was charged undisclosed "predelivery service

fees" in a Retail Purchase Order ("RPO") which failed to contain necessary statutory disclosures. Complaint, ¶¶ 1, 9, 13, 15 & 16. Specifically, Plaintiff alleges that the RPO contained a "$699.00 pre-delivery service fee labelled 'Dealer Fee,' a $250 pre-delivery service fee labelled 'PREDELIVERY SCV CHARGE,' and a $60 pre-delivery service fee labelled as a 'LIEN FEE'" (collectively, the "Disputed Fees"), but that it did not also contain the statutory disclosure associated with the fees as required by Fla. Stat. § 501.976(18). Id., ¶¶ 15-16. With this background, Plaintiff avers that Sport Mazda violated the Federal Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667a, by failing to disclose that the Disputed Fees were required to exercise the purchase option at the end of the lease, and that Sport Mazda violated Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") by failing to disclose the Disputed Fees, and by overcharging for the cost of the Disputed Fees without refunding the same.

By this Motion, Sport Mazda shows that the RPO plainly included the Disputed Fees and contained the necessary statutory language, thusly Sport Mazda did not violate the CLA or FDUPTA in charging the same.

## MEMORANDUM OF LAW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Markland v. Insys Therapeutics, Inc., 270 F. Supp.3d 1318, 1320 (M.D. Fla. 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)). The complaint must "state a claim to relief that is plausible on its face[,]" which requires

"more than a sheer possibility that a defendant has acted unlawfully[.]" Iqbal, 556 U.S. at 678. In construing a complaint, the court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecom., Inc., 372 F.3d 1250, 1262 (11th Cir. 2004). However, a plaintiff's "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as fact will not prevent dismissal." Id. The plaintiff cannot merely plead legal conclusions, but must "allege some specific factual bases for those conclusions or face dismissal." Id. at 1263. Thus, each claim asserted must "allege facts sufficiently setting forth the essential elements of a cause of action." Lane v. Provident Life & Acc. Ins. Co., 71 F. Supp.2d 1255, 1256 (S.D. Fla. 1999).

Where, as here, there are exhibits attached to a complaint, the Court may consider the same in ruling on a motion to dismiss, and if the allegations of the complaint about an exhibit conflict with the exhibit's contents, the exhibit controls. Hoefling v. City of Miami, 811 F.3d 1271, 1277.

## ARGUMENT

Plaintiff's Complaint is premised in the false factual allegation that the RPO containing the Disputed Fees "fails to contain the following statutory disclosure associated with the [Disputed F]ees: 'This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.'" Complaint, ¶ 16. This underlies the claim for violation of FDUPTA and specifically Florida Statute §501.976(18) which requires this phrase on any agreement.

However, the RPO, attached to the Complaint as Exhibit B, plainly contains the following language in its "Additional Sales Terms:"

**These charges represent costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale. Predelivery service fees are paid to the dealer (not a governmental fee).  Charging predelivery service fees do not add or change any warranties provided on the Vehicle.

Because the RPO, attached as Exhibit B to the Complaint, contains the exact language which Plaintiff avers it lacked, the exhibit controls. Hoefling, 811 F.3d at 1277. Further, the exact same statement is in Exhibit A to the Complaint as well. As such, the Court must find that the exhibits attached to the Complaint negate any cause of action for failing to contain the statutory disclosure necessitated by Fla. Stat. § 501.976(18).

So too, Plaintiff's Complaint avers in Count I that Sport Mazda violated the CLA by: (a) "choosing not to disclose in the purchase option price that payment of an additional amount of $1,725.00 in fees were required to exercise the purchase option at the end of the lease[;]" (b) "choosing not to disclose in the purchase option price that payment of $1,725.00 more than the Purchase Option Price was required to exercise the purchase option at the end of the lease[;]" and (c) not making the Purchase Option Price "clear and conspicuous." Complaint, ¶¶ 36-38.

However, again, Plaintiff's claim is negated by a plain read of the Complaint's exhibits. The fees were disclosed in both Exhibits attached to the Complaint and so, by their term, negate any such cause of action.

Accordingly, the Complaint should be dismissed.

WHEREFORE, Defendant, Trail Imports I, LLC., d/b/a Sport Mazda, respectfully requests that this Court enter an order dismissing the Complaint filed by Plaintiff in the above styled action, or in the alternative require Plaintiff to amend the Complaint to provide a more definite statement, and grant such other and further relief as this Court deems just and appropriate.

## COMPLIANCE WITH LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel hereby certifies pursuant to Rule 3.01(g) of the Local Rules for the United States District Court, Middle District of Florida, that he has attempted to confer with counsel for the Plaintiff in good faith effort to resolve the issues raised by this motion, but hereby certifies that he was unable to resolve the issues herein.

Dated: June 10, 2024

Respectfully submitted,

*/s/ Douglas J. LaPointe*
DOUGLAS J. LaPOINTE, ESQ.
Florida Bar No.: 0099133

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of an electronic filing to the following: Joshua Feygin, Esq. of Sue Your Dealer – A Law Firm at Josh@sueyourdealer.com; and Darren R. Newhart, Esq. and Sarah Cibula Feller, Esq. of Newhart Legal, P.A. at Darren@NewhartLegal.com and Sarah@NewhartLegal.com.

CAMERON, HODGES, COLEMAN,
LaPOINTE & WRIGHT, P.A.

_/s/ Douglas J. LaPointe_
DOUGLAS J. LaPOINTE, ESQ.
Florida Bar No.: 0991333
7680 Universal Boulevard, Suite 440
Orlando, Florida 32819
(407) 841-5030        ca
(407) 841-1727 facsimile
ServiceDJL@cameronhodges.com
Attorneys for Defendant