# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No. 6:24-cv-773

ANDY R. BENJAMIN,
An Individual,

    Plaintiff,

v.

TRAIL IMPORTS I, LLC.,
d/b/a SPORT MAZDA,
A Florida Profit Corporation,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

### Table of Contents

MEMORANDUM OF LAW ........................................................................................... 7

The Consumer Leasing Act ........................................................................................ 7

Florida's Deceptive and Unfair Trade Practices Act ................................................. 8

I.   Defendant violated FDUTPA. ........................................................................... 10

a.   Defendant committed a *per se* FDUTPA violation by omitting the statutory disclosure from the line-item predelivery service fees. ........................................... 10

b.   Defendant engaged in deceptive and unfair conduct by commingling the predelivery service fees with the state-required fees in violation of FDUTPA ..... 13

II.   Mr. Benjamin has stated a claim against Defendant for violating the CLA's disclosure requirements ........................................................................................... 14

**CERTIFICATE OF SERVICE** ................................................................................. 18

1

Page(s)

Cases

*Bruner v. GC-GW, Inc.*,
  880 So. 2d 1244 (Fla. Dist. Ct. App. 2004) ................................................................. 13
*Clement v. Am. Honda Fin. Corp.*,
  145 F. Supp. 2d 206 (D. Conn. 2001) ............................................................................ 7
*Coleman v. CubeSmart*,
  328 F. Supp. 3d 1349 (S.D. Fla. 2018) ........................................................................ 13
*Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*,
  927 F.2d 1198 (11th Cir. 1991) ..................................................................................... 15
*Cox v. Porsche Fin. Servs., Inc.*,
  342 F. Supp. 3d 1271 (S.D. Fla. 2018) ....................................................................... 7, 8
*Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC*,
  198 F. Supp. 3d 1332 (S.D. Fla. 2016) ........................................................................ 13
*Latman v. Costa Cruise Lines, N.V.*,
  758 So. 2d 699 (Fla. Dist. Ct. App. 2000) ................................................................... 14
*Leasing, LLC*,
  946 So. 2d 1253 (Fla. 1st DCA 20067) ........................................................................ 11
*McGuire v. J.G. O'Neill, Inc.*,
  2023 WL 8463516 (S.D. Fla. Oct. 5, 2023) ................................................................. 16
*Rollins, Inc. v. Butland*,
  951 So. 2d 860 (Fla. Dist. Ct. App. 2006) ................................................................... 10
*State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*,
  315 F. Supp. 3d 1291 (S.D. Fla. 2018) .................................................................. 10, 11

Statutes

15 U.S.C. § 1601 ........................................................................................................................ 7
15 U.S.C. § 1601(b) .................................................................................................................. 7
15 U.S.C. § 1667a(2) ................................................................................................................ 8
15 U.S.C. § 1667d(a) ................................................................................................................ 8
FL ST § 501.202 ........................................................................................................................ 9
Fla. Stat. 501.203(3)(c) .......................................................................................................... 10
Fla. Stat. § 501.204(1) ........................................................................................................... 10
Fla. Stat. § 501.976(18) .......................................................................................... 4, 9, 11, 13
Fla. Stat. § 501.98(18) ............................................................................................................. 6
section 501.203(3), Florida Statutes (2004) ..................................................................... 11

Regulations

12 CFR § 1013.2(h) ............................................................................................... 8, 14, 15
12 CFR § 1013.4(i) ...................................................................................................... 4, 15

Other Authorities

97 C 6697,
　1999 U.S. Dist. LEXIS 2553, at *11 (N.D. Ill. Feb. 24, 1999) ....................................... 8

## INTRODUCTION

The Consumer Leasing Act ("**CLA**") and its implementing regulation, 12 CFR § 1013.4(i), require that the option to purchase a leased vehicle be disclosed accurately and completely. Similarly, under the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), dealer fees must be linked to a disclosure that these fees cover the dealership's costs and profits for preparing sale documents. Fla. Stat. § 501.976(18). Mr. Benjamin has brought suit against Defendant, Trail Imports I, LLC, doing business as Sport Mazda, for violations of these consumer protection statutes.

Defendant has moved to dismiss Mr. Benjamin's claims. The Court should deny the entire motion because Defendant violated FDUTPA by omitting required disclosures and engaging in deceptive conduct, and breached the CLA by charging more than the disclosed purchase option price.

*First*, when a car dealer omits § 501.976(18)'s disclosure from where the fees are found on the agreement, the dealer commits a *per se* FDUTPA violation. As alleged in the complaint, Defendant charged line-item predelivery service fees that were disassociated from the statutorily required disclosure. As a result, Mr. Benjamin has stated a *per se* FDUTPA claim.

*Second*, if a company misrepresents the nature and purpose of certain fees charged to consumers, then that company engages in unfair and deceptive

4

conduct. As alleged in the complaint, Defendant comingled the predelivery service fees with other state mandated fees—under the heading titled "Official Fees"—on Mr. Benjamin's lease. A reasonable consumer would believe these fees were mandatory, pass-through charges due to the State of Florida, but in reality, the fees were neither required nor paid to the State of Florida. Courts have routinely found this conduct to be unfair and deceptive.

*Last*, a plaintiff states a CLA claim by alleging they were charged more than the disclosed purchase option price in their lease agreement. Here, Mr. Benjamin pleaded in the complaint that, to exercise the purchase option in his lease, Defendant charged him more than the disclosed purchase option price in the lease. Mr. Benjamin has thus stated a CLA claim.

## **BACKGROUND**

Mr. Benjamin visited Defendant's dealership to lease a new car in June 2020. *See* Plaintiff's Complaint ¶ 6. As a lessor, Defendant had to provide Mr. Benjamin with federally mandated disclosures before the lease was consummated. Reg. M § 1013.3(a)(3).

Defendant drafted the lease ("Lease"), and the parties executed it. *See* Compl. ¶ 7. In the Lease, Defendant supplied Mr. Benjamin with the option to buy the car when the lease ended. The purchase option provided:

> You have an option to purchase the Vehicle at the end of
> the Lease term for $12,912.20. The purchase option price

>> does not include official fees such as those for taxes, tags, licenses and registration.

Lease, ¶ 9.

The disclosure included no other fees or charges. Mr. Benjamin relied on this disclosure when he leased the vehicle. Compl. ¶¶ 9-10.

Defendant also prepared a Retail Purchase Order ("**RPO**") for the lease of the vehicle. In the RPO, the Dealer imposed a $699 "Dealer Fee"; a $250 "Predelivery Service Fee"; and a $60 "Lien Fee." Despite charging these pre-delivery service fees, Defendant did not associate these fees with the following statutory disclosure mandated by Fla. Stat. § 501.98(18): "These charges represent costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicle, and preparing documents related to the sale." Compl. ¶ 16

After Mr. Benjamin executed the Lease and the RPO, the Dealership assigned the lease to Toyota Lease Trust pursuant to a preexisting business relationship. Lease, pg 1.

In June 2023, Mr. Benjamin visited Defendant's dealership to exercise the purchase option in the Lease. Compl. ¶ 9. Contrary to the purchase option disclosure, Defendant required Mr. Benjamin to pay a total of $1,725.00 in fees to exercise the purchase option, which included a $445.00 Predelivery service charge, a $285.00 Electronic Registration Filing Fee and a 995.00 Dealer Fee. Compl. ¶ 22. These fees are not official fees such as those for tax, tag, or registration. *Id*. ¶ 23.

6

Defendant gave Mr. Benjamin no choice but to pay the additional fees to exercise the purchase option in the Lease.

## MEMORANDUM OF LAW

**The Consumer Leasing Act**

Congress passed the CLA "as an amendment to the Truth in Lending Act…." *Cox v. Porsche Fin. Servs., Inc.*, 342 F. Supp. 3d 1271, 1281 (S.D. Fla. 2018) *citing* 15 U.S.C. § 1601 *et seq.* ("TILA"). Its purpose is to "assure a meaningful disclosure" of lease terms so borrowers can "compare more readily the various lease terms available[,] … enable comparison of lease terms with credit terms where appropriate, and to assure meaningful and accurate disclosures of lease terms in advertisements." *Cox*, 342 F. Supp. 3d at 1281 *citing* 15 U.S.C. § 1601(b).

The CLA is a strict liability statute. *Cox*, 342 F. Supp. 3d at 1281. Courts must construe its provisions liberally in favor of borrowers. *Id.* Full compliance with the CLA is required because "[e]ven minor violations of the Act cannot be ignored." *Cox*, 342 F. Supp. 3d at 1281 *quoting Clement v. Am. Honda Fin. Corp.*, 145 F. Supp. 2d 206, 210 (D. Conn. 2001). Thus, district courts need only find "a single violation of the statutory requirements to hold [a] defendant liable…." *Cox*, 342 F. Supp. 3d at 1281.

Under the CLA, a "lessor" must "provide, before consummation of the lease, a dated, written statement that accurately and in a 'clear and conspicuous

manner' sets out certain descriptions, amounts, and other disclosures." *Cox*, 342 F. Supp. 3d at 1281 *quoting* 15 U.S.C. § 1667a(2). If a lessor ignores the disclosure requirements under CLA, then a lessee has a cause of action for actual and statutory damages. *See* 15 U.S.C. § 1667d(a); § 1640(a).

"If a lease does not properly disclose its terms, then consumers that rely on those untruthful or incomplete terms when deciding whether to enter into the lease necessarily make an uninformed decision." *Jordan v. Schaumburg Toyota,* Case No. 97 C 6697, 1999 U.S. Dist. LEXIS 2553, at *11 (N.D. Ill. Feb. 24, 1999). Consumers suffer "harm of a disclosure violation when [they rely] on the improper disclosure and enter[] the lease, not when [they] seek[] to trigger the inaccurate clause." *Id.*

A "lessor" is any person who "arranges for the lease of personal property under a consumer lease" or "who has leased, offered, or arranged to lease personal property more than five times in the preceding calendar year or more than five times in the current calendar year…."12 CFR § 1013.2(h). A car dealer that prepares paperwork before forwarding the documents to a leasing company for execution falls under that definition. Official Interpretations § 1013.2(h)-1 ("An entity that, pursuant to a business relationship, completes the necessary lease agreement before forwarding it for execution to the leasing company (to whom the obligation is payable on its face) is "arranging" for the lease.")

**Florida's Deceptive and Unfair Trade Practices Act**

FDUTPA, § 501.976(18) governing unfair or deceptive acts or practices by motor vehicle dealers provides:

> It is an unfair or deceptive act or practice, actionable under the Florida Deceptive and Unfair Trade Practices Act, for a dealer to…
>
> Charge a customer for any predelivery service without having printed on all documents that include a line item for predelivery service the following disclosure: "This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale."

When analyzing FDUTPA claims, courts must construe FDUTPA's provisions liberally to promote these policies:

> (1) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.
>
> (2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.
>
> (3) To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

501.202. Purposes; rules of construction, FL ST § 501.202.

To state a FDUTPA claim, a plaintiff must plead these three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc.*

9

*v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006).

A plaintiff can satisfy the first element in one of two ways. If a defendant violates a "law, statute, rule, regulation, or ordinance" that expressly prohibits unfair and deceptive conduct, then a *per se* violation of FDUTPA has occurred. *State Farm Mut. Auto. Ins. Co. v. Performance Orthapaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1306 (S.D. Fla. 2018); Fla. Stat. 501.203(3)(c). A plaintiff can also show defendant generally engaged in unfair and deceptive conduct in violation of FDUTPA. Fla. Stat. § 501.204(1) ("Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.")

I. **Defendant violated FDUTPA.**

Defendant asserts that Mr. Benjamin's claims lack a legal basis because the disclosures followed the CLA and FDUTPA. The argument fails for two reasons: (1) Defendant misinterprets the statutory obligations of FDUTPA; and (2) Defendant misunderstands the duties and liabilities under the CLA.

    a. **Defendant committed a *per se* FDUTPA violation by omitting the statutory disclosure from the line-item predelivery service fees.**

If a car dealership charges "predelivery service" fees, then it must link the fees to this disclosure:

> "This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale."

Fla. Stat. § 501.976(18).

If the disclosure is not linked to the predelivery fees, then the car dealership has engaged in an "unfair or deceptive act or practice" actionable under FDUTPA. *Id.* This is a *per se* FDUTPA violation. *See State Farm Mut. Auto. Ins. Co. v. Performance Orthapaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018) ("a violation of a predicate statute satisfies the first element of the FDUTPA claim"); *see also Office of the AG, Dep't of Legal Affairs v. Commerce Commer. Leasing, LLC*, 946 So. 2d 1253, 1259-60 (Fla. 1st DCA 20067) (recognizing that "[f]ailure to include" a disclosure required by a predicate statute would be "a per se violation of the Act, section 501.203(3), Florida Statutes (2004)").

Here, Defendant charged predelivery service fees but omitted the disclosure from where the fees are found on the RPO.

| Official Fees | |
|---|---|
| Title, Registration and/or License Fees | 66.85 |
| Lemon Law Fee (New Cars Only) | 4.00 |
| Lead-acid Battery Fee | 1.50 |
| New Tire Fee | 5.00 |
| PREDELIVERY SVC CHRG | 250.00 |
| LIEN FEE | 60.00 |

This is a *per se* FDUTPA violation.

Although the disclosure appeared elsewhere on the RPO, omitting it from where the fees are listed is still a *per se* FDUTPA violation. *Jonathan Perez v. Rick Case Cars, Inc.*, 30 Fla. L. Weekly Supp. 512a (Fla. Oct. 21, 2022); *Moshe Simon v.*

*Lehman Hyundai Subaru, Inc.*, 29 Fla. L. Weekly Supp. 35c (Fla. Feb. 23, 2021)

FDUTPA's purpose is to protect consumers by prohibiting car dealers from charging predelivery service fees unless tied to the required disclosure. The disclosure reads:

> **This** charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

The Merriam-Webster Dictionary defines the pronoun "this" as: "the … thing … that is present or near in place, time, or thought or that has just been mentioned." Thus, the statute's plain language requires the disclosure to be linked to the line-item predelivery service fee.

In *Jonathan Perez v. Rick Case Cars, Inc.*, No. COSO-20-012763 (Fla. Broward Cty. Ct. Oct. 21, 2022), the Honorable Judge Gilman ruled that omitting the required disclosure from where the fees are found constitutes a *per se* FDUTPA violation. In doing so, Judge Gilman rejected defendant's argument that placing the disclosure elsewhere in the lease agreement was sufficient. This is because the statute requires the disclosure to be printed on all documents that include a line-item pre-delivery service fee. This means the disclosure must be located where the fees are listed to inform the consumer accurately and transparently. The absence of the disclosure from where the line-item predelivery fees are listed therefore violates § 501.976(18), without needing further analysis of the unfairness or

deceptiveness of the practice.

At bottom, § 501.976(18)'s intent is to ensure that consumers are fully informed about what the fee covers right at the point where the fee is listed, thus preventing any potential confusion or deception. *Bruner v. GC-GW, Inc.*, 880 So. 2d 1244, 1246 (Fla. Dist. Ct. App. 2004) ("remedial statutes should be liberally construed in favor of granting access to the remedy provided by the Legislature.") Defendant's failure to place the disclosure next to the line-item predelivery fees violates § 501.976(18) because the plain language of the law dictates the location and presence of the disclosure next to the predelivery service fees. Allowing car dealers to disassociate the disclosure from the line-item predelivery fees, as Defendant suggests, would defeat § 501.976(18)'s consumer protection purpose.

Therefore, Mr. Benjamin has stated a FDUTPA claim against Defendant.

### b. Defendant engaged in deceptive and unfair conduct by commingling the predelivery service fees with the state-required fees in violation of FDUTPA.

When a company commingles optional fees with state-required fees on a consumer lease, it can constitute deceptive conduct under FDUTPA. Courts have recognized such practices as misrepresenting the nature of the fees being charged *See Coleman v. CubeSmart*, 328 F. Supp. 3d 1349, 1361–62 (S.D. Fla. 2018) (misrepresenting the nature of the fees being charged); *see also Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC*, 198 F. Supp. 3d 1332, 1339 (S.D. Fla. 2016)

(where a defendant "chose the descriptive terms and if they do not accurately describe what is being charged and collected, such conduct is actionable under the FDUTPA."). For example, in *Latman v. Costa Cruise Lines, N.V.*, the court found charges labelled as "port charges" were deceptive and unfair where the cruise line paid only part of the charges to third parties and kept the remainder as profit. *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000) (finding "port charges" deceptive and unfair where cruise line paid only part of the charges to third parties and kept the remainder as profit). So too here.

By commingling the predelivery fees with state required fees—which they were not—Defendant mirrored the deceptive and unfair practices described above. Compl. ¶ 68. A reasonable consumer under the circumstances would believe the predelivery service fees were state-mandated charges and customarily required to lease a vehicle. In reality, though, these fees are not state required fees but represent profit to Defendant. Compl. ¶ 19. This conduct violates FDUTPA.

## II. Mr. Benjamin has stated a claim against Defendant for violating the CLA's disclosure requirements.

Mr. Benjamin has also sued Defendant for not disclosing, at the inception of the lease, $1,725 he was ultimately charged to exercise his purchase option. Compl. ¶¶ 21-25. Defendant does not dispute it was a "lessor" as defined by the CLA, 12 CFR § 1013.2(h). Motion, *generally*. Nor does Defendant contest that these amounts had to be disclosed in the Lease. *Id.* Rather, Defendant makes a two-sentence

14

perfunctory argument that the fees were disclosed in the exhibits attached to the Complaint. Doc. 22 at 4. Defendant waives the issue because it only makes conclusory statements on these points. *See Cont'l Tech. Servs., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198 (11th Cir. 1991).

In any event, Defendant's argument is wrong. The fees Defendant charged Mr. Benjamin to exercise the purchase option in June 2023 are different from the other illegal fees Defendant charged Mr. Benjamin when the Lease was agreed to in June 2020. Compl. ¶ 13 ($699.00 Dealer Fee, a $250.00 "PREDLEIVERY SVC CHARGE," and a $60 "LIEN FEE.") *c.f.* Compl. ¶ 22 ($445.00 "Predelivery Service Charge," a $285.00 "Electronic Registration Filing Fee," and a $995.00 "Dealer Fee").

Moreover, Defendant's attempt to gloss over the disclosure requirements of the CLA is equally unavailing. The CLA requires lessors, such as Defendant, to provide consumers, such as Mr. Benjamin, accurate and complete disclosures so they can make informed financial decisions. Among the disclosures, Defendant had to provide Mr. Benjamin "[a] statement of whether or not the lessee has the option to purchase the leased property," and if at the end of the lease term "the purchase price." 12 CFR § 1013.4(i).

Here, the Lease provided Mr. Benjamin with the option to buy the Vehicle at lease end. Lease, ¶9. The Lease disclosed the purchase option as $12,912.20. *Id*.

15

The Purchase option otherwise failed to disclose to Mr. Benjamin that payment of a $445.00 "Predelivery Service Charge," a $285.00 "Electronic Registration Filing Fee," and a $995.00 "Dealer Fee" would be required to exercise the option to purchase the vehicle. *Id*. Mr. Benjamin relied on the botched purchase option disclosure when he consummated the Lease. Compl. ¶ 12. Mr. Benjamin was ultimately charged a $445.00 "Predelivery Service Charge," a $285.00 "Electronic Registration Filing Fee," and a $995.00 "Dealer Fee" to exercise the purchase option. *Id*. ¶ 22. The fees were not official. *Id*. ¶ 23.

The fees Defendant charged to Mr. Benjamin to exercise the purchase option *were not* disclosed in the Lease at inception. As a result, Defendant has violated the CLA, causing harm to Mr. Benjamin.

In *McGuire v. J.G. O'Neill, Inc.*, 2023 WL 8463516, at *2 (S.D. Fla. Oct. 5, 2023), the district court found that plaintiff had stated a CLA claim based on these facts:

> Plaintiff claims that he entered into a Lease Agreement that contained a purchase option to buy the Hyundai Santa Fe for a total of $17,820.50 plus additional specified official fees. Instead, when Plaintiff executed the purchase option, the Defendant charged a total of $19,214.25. Plaintiff alleges Defendant violated the CLA because Plaintiff had to pay $1,393.75 above the price that had previously been disclosed.

Here, Mr. Benjamin has pleaded the same facts in the Complaint. Mr. Benjamin entered into a lease agreement with Defendant. Compl. ¶¶ 7-8. The Lease gave Mr. Benjamin the option to buy the car at the end of the lease for

$12,912.20. *Id*. ¶ 9. When Mr. Benjamin executed the purchase option, Defendant charged him $1,725 above the price previously disclosed. *Id*. ¶¶ 21-25. As a result, Defendant violated the CLA's disclosure requirements. *Id*. ¶¶ 28-44. According to *McGuire*, Mr. Benjamin has stated a CLA claim.

## CONCLUSION

For the reasons stated above, Mr. Benjamin has adequately stated claims under both the CLA and FDUTPA. Defendant's conduct constitutes clear violations of these statutes. Accordingly, Mr. Benjamin respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety and grant any further relief the Court deems necessary.

Respectfully submitted,

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
**NEWHART LEGAL, P.A.**
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946

/s/ Sarah Cibula Feller
Sarah Cibula Feller, Esq.
FL Bar No: 107809
E-mail: sarah@newhartlegal.com
**NEWHART LEGAL, P.A.**
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470

17

Telephone: (561) 331-1806
Facsimile: (561) 473-2946

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 24, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to the following counsel of record:

/s/ Darren R. Newhart
Darren R. Newhart

**SERVICE LIST**

All counsel of record.