IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>COSO20012763</u>   DIVISION <u>60</u>   JUDGE <u>Allison Gilman</u>

**Jonathan Perez**

Plaintiff(s) / Petitioner(s)

v.

**Rick Case Cars, Inc.**

Defendant(s) / Respondent(s)

_____/

## ORDER ON DEFENDANT'S SECOND AMENDED MOTION TO DISMISS AND IN THE ALTERNATIVE, MOTION FOR SUMMARY DISPOSITION

**THIS MATTER**, having come before the Court on Defendant's second amended motion to dismiss and in the alternative motion for summary disposition. The Court, having listened carefully to the arguments of counsel, reviewed the pleadings and the applicable law, and being otherwise fully advised in the premises, hereby makes the following findings:

The Plaintiff's complaint alleges that Plaintiff leased a vehicle from Defendant under a Florida Closed-End Vehicle Lease Agreement ("Lease"). Plaintiff's Complaint ¶¶ 5-7. On the Lease, Defendant charged Plaintiff two pre-delivery service fees: (1) a $132.95 "ELECT FILING" fee; and (2) a $741 "3RD PARTY TAG AGENCY/DEALER FEE." Compl. ¶¶ 10-11; Compl. Exhibit A pg. 15. The Lease does not have the following disclosure associated with those fees: "This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale." Compl. ¶12 *citing* Fla. Stat. § 501.976(18).

Based on the above, Plaintiff has sued Defendant for violating the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Compl. ¶¶ 59-71. Plaintiff's FDUTPA and FCCPA claim allege that Defendant

violated Fla. Stat. § 501.976(18) which provides:

It is an unfair or deceptive act or practice, actionable under the Florida Deceptive and Unfair Trade Practices Act, for a dealer to … Charge a customer for any predelivery service without having printed on all documents that include a line item for predelivery service the following disclosure:

"This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale."

The Complaint alleges that despite having charged line-item, predelivery service fees on the Lease, Defendant omitted the above disclosure from where the fees are found on the Lease. Compl. Ex. A pgs. 15-19. The Complaint also alleges that Defendant knew the fees were an illegitimate debt and it had no legal right to charge and collect them from Plaintiff. *See, e.g., Id*. ¶¶ 5-24. As a result, Plaintiff suffered actual damages, having had paid the fees, because of Defendant's FDUTPA and FCCPA violations.

## ANALYSIS

To state a FDUTPA claim, a plaintiff must plead these three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d Dist. App. 2006). A violation of section 501.976(18) constitutes a *per se* FDUTPA violation. Fla. Stat. § 501.203(3)(c) (providing that a *per se* violation occurs when a defendant violates "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices"); see *State Farm Mut. Automobile Ins. Co. v. Performance Orthapaedics & Neurosurgery, LLC,* 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018).

The FCCPA § 559.72(9) requires that no person shall:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not

legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

When analyzing whether a defendant has violated the FCCPA, courts "refer to other statutes that establish the legitimacy of the debt and define legal rights." Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1126 (11th Cir. 2004) (finding that the Higher Education Act, 20 U.S.C. §§ 1001 *et seq.*, was such a statute as its regulations define the rights of third-party debt collectors, and debtors, when federal student loans are collected) (internal citations omitted); Brook v. Suncoast Schools, FCU, 8:12-CV-01428-T-33, 2012 WL 6059199, at *3 (M.D. Fla. Dec. 6, 2012) (finding FCCPA violated when defendant asserted illegitimate legal right by trying to collect a debt using unfair and deceptive practices in violation of FDUTPA); Cabrera v. Haims Motors, Inc., 288 F. Supp. 3d 1315, 1326 (S.D. Fla. 2017).

A hearing was held on December 1, 2021. As stated on the record during the hearing, the Court denies the motion to dismiss for these reasons:

I think the statute [Fla. Stat. § 501.976(18)] is clear that it does need to -- the language needs to be contained on all of the documents and it's clearly not. And even though the damages may be very small, but I think it's clear there was damage. So, for those grounds, I am going to deny the Motion to Dismiss.

Transcript 27:3-13.

Based on the above, the Court rules that:

1. Defendant's second amended motion to dismiss and in the alternative motion for summary disposition is **DENIED.**
2. Defendant must respond to the complaint within (15) days after entry of this order.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on 01-08-2022.

COSO20012763 01-08-2022 7:20 PM

Hon. Allison Gilman

**COUNTY JUDGE**

Electronically Signed by Allison Gilman

**Copies Furnished To:**

Darren R. Newhart , E-mail : darren@newhartlegal.com

Joshua Feygin , E-mail : josh@jfeyginesq.com

Joshua Feygin , E-mail : paralegal@jfeyginesq.com

Joshua Feygin , E-mail : legalassistant@jfeyginesq.com

Kenneth Lee Paretti , E-mail : kparetti@quintonparetti.com

Kenneth Lee Paretti , E-mail : lpena@quintonparetti.com